**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

Christopher Wright,

                Petitioner**,**

                                      **Hon. Hugh B. Scott**
                                      05CV705

          v.

                                      **Decision**
                                          **&**
                                       **Order**

David Under**,** Superintendent
Orleans Correctional Facility, _____

                Respondents.

Before the Court is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

## BACKGROUND

The petitioner, Christopher Wright ("Wright"), seeks habeas corpus relief challenging the constitutionality of his guilty plea to the extent he was sentenced to a term of post release supervision in addition to his sentence on various state charges. More specifically, on December 13, 2000, Wright pled guilty to January 17, 2000 to an 11 count indictment charging the following: robbery (first degree) in violation of New York State Penal Law ("N.Y.S.P.L.") §160.15(3) relating to a February 6, 2000 incident; robbery (second degree) in violation of N.Y.S.P.L. §160.10(3) relating to February 6, 2000 incident; grand larceny (third degree) in

violation of N.Y.S.P.L. §155.35 relating to February 6, 2000 incident; criminal possession of stolen property (third degree) in violation of N.Y.S.P.L. §165.50 relating to February 14, 2000 to February 19, 2000 incidents; grand larceny (third degree) in violation of 155.35 relating to February 16, 2000 incident; grand larceny (fourth degree) in violation of N.Y.S.P.L. §155.30 relating to February 16, 2000 incident; grand larceny (third degree) in violation of 155.35 relating to February 21, 2000 incident; criminal possession of stolen property (third degree) in violation of N.Y.S.P.L. § 165.50 relating to February 24, 2000 incident; reckless endangerment (second degree) in violation of N.Y.S.P.L. §120.20 relating to February 24, 2000 incident (two counts); and resisting arrest in violation of N.Y.S.P.L. §205.30 relating to February 24, 2000 arrest. (See Transcript of Plea attached as Exhibit A to the Petition at page 18-20; see also Indictment attached to Appendix, State Court Records, Exhibit C).

  At the outset of the plea hearing, Wright's counsel advised the Court that the petitioner was given a choice in the plea negotiations :

> Judge, um, we did conference this matter yesterday, and my understanding of the outcome was that Mr. Wright would have the option, if he chooses, either to plead guilty to the second count of the indictment charging robbery in the second degree to satisfy the indictment with a waiver of appeal and ***sentence of eight years plus post release supervision***; or in the alternative he could plead to the entire indictment with an Alford plea with respect to the first count. He would continue to have a right to appeal that would remain intact, ***the sentence promise would be the same***.

(Transcript of Plea at page 2)(emphasis added). Wright did not object to this characterization of the expected sentence pursuant to his plea negotiations. He was asked if there was anything he wanted to ask his counsel before proceeding further. Wright responded: "No sir." (Transcript of

Plea at page 18). The petitioner chose to plead guilty to all 11 counts to preserve his right to appeal.[1] In doing so, the petitioner articulated a factual basis for the various charges (Transcript of Plea at pages 4-18).

On January 17, 2001, the day on which Wright was sentenced, the petitioner's counsel advised the Court (and the prosecutor) that the *"sentence agreement was eight years, with five years post-release supervision."* (Transcript of Sentencing, attached as Exhibit B to the Petition, at page 4)(emphasis added). The defendant did not object to his counsel's characterization of the plea agreement as to sentencing. The Court subsequently issued specific sentences for each of the 11 counts, ranging from eight years to one year, with each sentence running concurrently.

The sole issue raised by the petitioner in his habeas corpus petition relates to the imposition of the post release period of supervision. Wright asserts this "was not the sentence that the petitioner agreed upon after exhaustive negotiations with the state." (Docket No. 2 at page 4). He argues that he was surprised by the imposition of post release supervision, and thus, his guilty plea was not knowingly and intelligently entered. (Docket No. 2 at page 6).

## DISCUSSION

**Exhaustion**

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly

---

[1] At sentencing, Wright stated that he pled guilty to the entire indictment because he believed his rights had been violated by the denial to suppress his statements and confession. See Transcript of Sentencing, attached as Exhibit B to the Petition at page 7-12).

3

presented" to the state courts.[2]  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review must first exhaust his available state remedies with respect to each of the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  To meet this requirement, the petitioner must have raised the question in a state court and put the state appellate court on notice that a federal constitutional claim was at issue.  See Grady v. Le Fevre, 846 F.2d 862, 864 (2d Cir. 1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir. 1984).

The respondent acknowledges that the petitioner raised the sole issue in this case in collateral proceedings, but not in his direct appeal of the convictions. Thus, the respondent contends that the petitioner has procedurally defaulted and cannot obtain relief in this habeas corpus proceeding. (See Docket No. 9, Answer to Petition at ¶ 8; Docket No. 9-2, Memorandum of Law at page 1-2).

**Procedural Default**

A federal court normally may not review a habeas petition based upon state claims that have been procedurally defaulted where the relevant procedural bar is an "independent and adequate" state ground.  Brown v. Greiner, 409 F.3d 523, 532 (2d Cir.2005). This rule applies when a "state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the

---

[2] Section 2254(b)(2) provides the Court with discretion to *deny* (but not to grant) an application for a writ of habeas corpus on the merits notwithstanding the failure of the applicant to exhaust state court remedies.

federal claim ." Green v. Travis, 414 F.3d 288, 294 (2d Cir.2005) (internal citation omitted). A procedural default may be avoided when a petitioner shows (1) cause for the default and prejudice or (2) "that failure to consider the claim will result in miscarriage of justice, i.e., the petitioner is actually innocent." Sweet v. Bennett, 353 F.3d 135, 141 (2d Cir.2003); see Marrero Pichardo v. Ashcroft, 374 F.3d 46, 53-54 (2d Cir., 2004) (miscarriage of justice would occur as a result of procedural default of claim in motion challenging removal order that was "virtually certain to succeed if considered on appeal").

In the instant case, in denying Wright's motion for relief under §440 of the New York State Criminal Procedure Law, Judge Frank Geraci, Jr. expressly found that the petitioner had procedurally failed to raise the issue on direct appeal "even though the record of proceedings underlying the judgment contained sufficient facts to have permitted adequate review" by the appellate court. Judge Geraci denied the petitioner's application on those procedural grounds before going on to address the merits of the petitioner's claim. (See June 3, 2003 Decision & Order at page 3, attached as Exhibit O to the Appendix State Court Exhibits). The petitioner has not established either cause or prejudice for the default. The petitioner states that cause existed for the default on the grounds that while the need for the Court to ensure that a defendant understood the consequences of entering a guilty plea was well-settled under federal law, it was not resolved, as a constitutional matter, under New York State law until 2005. (Docket No. 11 at page 2). This is a misreading of New York State law on this issue. Prior to the entry of the petitioner's plea in this case, New York state courts recognized that a "trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences. People v. Ford, 86 N.Y.2d 397 (1995) citing People

5

v Harris, 61 N.Y.2d 9, 19 (1983); Boykin v Alabama, 395 U.S. 238, 244 (1969).  In Ford, the court held that due process requires that the record must be clear that the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. The Court further held that a defendant must be advised of all direct consequences of a plea. A direct consequence is one which has a definite, immediate and largely automatic effect on defendant's punishment. Ford, 86 N.Y.2d at 403.   The imposition of post release supervision is a direct consequence of a plea inasmuch as it has a definite and largely automatic effect on a defendant's punishment.

Because the petitioner has not established cause and prejudice for the procedural default, habeas relief is not available to him with respect to the instant petition.  As discussed below, however, even if the petitioner was not procedurally barred from habeas relief, no such relief is warranted based upon the merits of the petitioner's claim.

**Standard of Review**

State court findings of historical facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986); see also 28 U.S.C. § 2254(e)(1) (stating that "a determination of a factual issue made by a State court shall be presumed to be correct.") As amended by the Antiterrorism and Effective Death Penalty Act of 1996[3] ("AEDPA"), § 2254(d) of Title 28 provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the

---

[3] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

merits in state court unless the state court's adjudication of that claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210 (W.D.N.Y. 1998) (Larimer, C.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).

In enacting AEDPA, Congress intended to heighten the deference given to state court determinations of law and fact. As noted by District Judge David G. Larimer in Smith, AEDPA "has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way." Smith, 1 F. Supp. 2d at 210. AEDPA "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir. 1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal determinations.")

**Substantive Claims**

    **Voluntary, Knowing, Intelligent Plea**

Petitioner argues that his guilty plea was not voluntary, intelligent, or knowing because he was allegedly not told of the fact that he would be subject to post release supervision. The record belies such a claim.

A guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). It is a settled principle of federal constitutional law that a guilty plea violates due process and is therefore invalid if not entered voluntarily and intelligently. Brady v. United States, 397 U.S. 742, 748 (1970); Boykin, 395 U.S. at 242-43. A plea of guilty is considered voluntary and intelligent if the defendant enters the plea with full awareness of its "direct consequences." Brady, 397 U.S. at 755. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

This is not a case like Earley v. Murray, 451 F.3d 71 (2d Cir.2006) wherein the petitioner was never advised of the fact that post release supervision was to be imposed as part of his sentence prior to the entry of his guilty plea. In the instant case, as the quoted portions of ***both*** the plea hearing and sentencing hearing attest, the petitioner was advised of the fact that the sentence he negotiated pursuant to plea discussions included a five year post release period of supervision. Indeed, the exhibits attached to the Petition establish that Wright discussed the fact that post release supervision would be imposed. (Transcript of Plea Hearing at page 2; Transcript of Sentencing Hearing at page 4). This was also the finding of the state court upon collateral proceedings. (See June 3, 2003 Decision & Order at page 3, attached as Exhibit O to the

Appendix State Court Exhibits). The Court cannot conclude that the determination by the state court was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The petitioner has not presented a basis from which it could be concluded that his guilty plea was not voluntary, knowing, and intelligent.

## CONCLUSION

Based on the above, the petition for habeas corpus relief is **DENIED**.

Furthermore, inasmuch as the petitioner has not made a substantial showing of the denial of a constitutional right; or that reasonable jurists could debate whether the petition should have been resolved in a different manner; or that the issues presented are adequate to deserve encouragement to proceed further; a certificate of appealability will not issue. Love v. McCray, 413 F.3d 192 (2d. Cir. 2005); see 28 U.S.C. § 2253(c)(2). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this order *in forma pauperis* would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 9, 2009